UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAMIEN E. GUNTER,<br><br>    Defendant. | Case No. 4:16-cr-00106- BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT** |

This matter having come before the Court on Plaintiff's Motion for Preliminary Order of Forfeiture, Final as to Defendant (Dkt. 25), and as a result of the guilty plea to Count Two of the Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2).

The Court has determined, based on the defendant's Rule 11 Plea Agreement (Dkt. 17), and the factual basis set out therein, that the property and property interests set out below are subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2), and that the government has established the requisite nexus between such property and such offenses.

The Court further finds that the below-described property constituted proceeds of or was involved in violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

**NOW, THEREFORE, THE COURT ORDERS** that the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant (Dkt. 25) is **GRANTED** and the defendant shall forfeit to the United States all property constituting or derived from

**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 1**

proceeds the defendant obtained directly or indirectly as a result of the violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and all property used in any manner or part to commit or facilitate the commission of the said violations, and that the following property be and is hereby forfeited pursuant to law:

    A.    <u>Cash Proceeds (Money Judgment)</u>:  At least $35,408 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, property involved in or facilitating such offenses, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or otherwise disposed of by the defendant. Specifically, this amount represents the value of the approximately 210.19 grams of heroin seized from the defendant's vehicle at the time of his arrest, which total value equals approximately $37,835 when using a valuation of $180 per gram; minus the approximately $2,427 in currency seized from the defendant at the time of his arrest and forfeited by the State of Idaho in a state forfeiture proceeding.

    B.    <u>Substitute Assets</u>:  Upon a showing that any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

        1.    Cannot be located upon the exercise of due diligence;

        2.    Has been transferred or sold to, or deposited with, a third person;

        3.    Has been placed beyond the jurisdiction of the court;

        4.    Has been substantially diminished in value; or

5.	Has been commingled with other property which cannot be subdivided without difficulty; the United States shall be authorized, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interest herein.

The United States is further authorized, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: December 5, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 3**