UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMIEN EDWARD GUNTER,<br><br>Defendant. | Case No. 4:16-cr-00106-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Damien Edward Gunter's Motion for Early Termination of Supervised Release (Dkt. 76). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In 2016, Mr. Gunter was sentenced to 60 months of incarceration followed by four years of supervised release for Possession of a Controlled Substance with Intent to Distribute. Dkt. 32. He began his initial term of supervision in June 2020. He violated the terms of supervision, and in January 2023, he was sentenced to time served plus three more years of supervised release. Dkt. 57. Three months later, another Petition on Supervised Release was filed. *See Apr. 26, 2023 Petition.* Dkt. 60. Mr. Gunter admitted to the possession of alcohol and was sentenced in

2023 to nine months of imprisonment and yet another three years of supervision. *See June 21, 2023 Judgment on Revocation Proceedings,* Dkt. 74. When the Court handed down this sentence, Gunter was still in the process of resolving state charges, and it was unclear what sort of state supervision he might serve. This prompted the following observations during the revocation hearing:

> My real concern here is that, Mr. Gunter, I think you are unfinished business. There's still things that need to be done. I don't have a problem with wanting the State probation officer to work with you and, in some ways, that would even be preferable because the charges against you in State court reflect your new reality.
>
> Your old reality was the drug addiction and I'm not saying that's gone away forever, but at least for some period of time, it appears that you're on top of that. But you've got other problems that have cropped up and need to be resolved.
>
> The problem is I don't know what's going to happen in State court so what I'm going to do is follow the recommendations of Ms. Briscoe: 9 months incarceration followed by 3 years of supervised release. But after you've resolved the State charges, I'm going to request the probation office and perhaps even in conjunction with Mr. Shirts and Mr. Kinghorn to request early termination.
>
> Once the State charges are all resolved and we know that there's going to be some supervision in State court, I would be inclined at that point if it is adequate supervision to just simply give you an early release from federal supervision and let the State work with you on these problems of domestic violence and alcohol. I think they might even be better suited in some respects for dealing with that than we would be because our focus is much more on drugs and things of that sort.
>
> …
> …
> …

MEMORANDUM DECISION AND ORDER - 2

> The bottom line is if he's going to get supervision in State court, let's just get him into that supervision. They can target their supervision on the problems he currently has. But if it's not adequate, if it's minimal misdemeanor supervision, then I'm probably going to be inclined to keep him on supervised release at least for some period of time. *I might consider early release—if he gets a year or 18 months with no problem, then I might consider early release at that point as well.*

*Feb. 15, 2024 Tr.*, Dkt. 75, at 17:4 to 18:3 & 23:14-23 (emphasis added).

After that hearing, Mr. Gunter reports that he pleaded guilty in state court to a reduced charge of misdemeanor simple battery. He will remain on state supervised probation until July 18, 2025. His federal supervision in this case is set to expire on January 23, 2027.

In January 2025, Gunter moved for early termination of supervised release—pointing back to the comments made during his revocation hearing. Dkt. 76. The government responded, ultimately stating that it would "leave[] to the Court the determination of whether the Defendant has met the Court's conditions stated for an early termination." *Response,* Dkt. 77.

## LEGAL STANDARD

The Court has broad discretion to modify terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after a defendant has served one year of their supervised release. *See* 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination of supervision, courts must review

several sentencing factors, including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care, or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

See 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1) - (a)(7). [1]

If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. Id. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 4**

behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821–22.

## ANALYSIS

This Court, having considered the factors under 18 U.S.C. § 3553, is persuaded that early termination of supervised release is warranted. Mr. Gunter has complied with the conditions of supervision. He has maintained sobriety. He is employed. He has also been the primary caregiver for his three-year-old son.

This Court acknowledges that the seriousness of Mr. Gunter's offense and his history of violating supervised release. But the Court considered these factors in its June 2023 decision, when it stated that it would consider early release "…if he gets a year or 18 months with no problem…" Dkt. 76. Mr. Gunter has, at this point, successfully completed approximately 18 months of supervised release, and the Court finds that the other factors favor early termination. Accordingly, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 76) is **GRANTED**.

MEMORANDUM DECISION AND ORDER - 5



DATED: July 11, 2025

_____
B. Lynn Winmill
U.S. District Court Judge